UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BAO HUA JIE,

              Plaintiff,

v.

UNITED STATES OF AMERICA,

              Defendant.

**MEMORANDUM & ORDER**
23-CV-4961 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Bao Hua Jie brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), alleging that he suffered personal injuries as well as damage to his vehicle in a car accident involving a United States Postal Service ("USPS") vehicle. ECF No. 1 ¶¶ 8, 39, 44 (Plaintiff's Complaint). Pending before me is Defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). ECF No. 14-1 (Defendant's Motion to Dismiss). For the reasons set forth below, the Court grants Defendant's motion.

## BACKGROUND

The factual background is derived from the allegations in the Complaint, *see* ECF No. 1—which the Court accepts as true when considering a motion to dismiss—and derived from the Statement of Facts detailed in Defendant's motion, ECF No. 14 at 6–8,[1] which Plaintiff has adopted as true, *see* ECF No. 15 at 3 (Plaintiff's Opposition).[2]

---

[1]     The Court refers to pages assigned by the Electronic Case Files System ("ECF").

[2]     The only fact detailed by the government that Plaintiff refutes is that Plaintiff's Complaint details an "alleged" February 2021 motor vehicle accident. ECF No. 15 at 3. To the contrary, Plaintiff explains that the government provided Plaintiff with footage that shows that the accident did, in fact, occur, and shows that the accident occurred with a USPS vehicle. *Id.*

Plaintiff alleges that on February 4, 2021, a USPS employee driving a USPS vehicle collided with Plaintiff driving his own vehicle at the intersection of East 35th Street and 3rd Avenue in Manhattan.  ECF No. 1 ¶ 38.  Plaintiff alleges that as a result of the accident, he suffered physical injuries and damage to his vehicle.  *Id.* ¶¶ 39, 44.  Plaintiff also alleges that the car accident was a result of Defendant's negligence.  *Id.* ¶ 39.

In March 2021, Plaintiff submitted a Standard Form 95 ("SF-95") to USPS pursuant to the FTCA ("March SF-95").  ECF No. 14-1 at 6; ECF No. 14-2 ¶ 5 (Briody Decl.).  The March SF-95 indicated that Plaintiff's vehicle sustained damage and that Plaintiff suffered neck, shoulder, lower back, and leg pain as a result of his accident.  ECF No. 14-1 at 6.  In the property damages section of the March SF-95 Plaintiff listed "$3,000."  *Id.*  Plaintiff left blank the personal injury section of the form.  *Id.*  In the section entitled "total" Plaintiff wrote $3,000.  *Id.*  The March SF-95 contained the following certification before the signature block:

> I certify that the amount of claim covers only damages and injuries caused by the incident above and agree to accept said amount in full satisfaction and final settlement of this claim.

ECF No. 14-2 ¶ 5.  Plaintiff signed below this certification.  ECF No. 14-1 at 6.

In April 2021, USPS agreed to settle the claim set forth in the March SF-95 and sent Plaintiff a settlement check for $2,980.  *Id.*  The check was accompanied by a letter from USPS that informed Plaintiff that acceptance of the check operated as "a complete release of any claim against [USPS] . . . ." *Id.* at 7; *see also* ECF No. 14-5 (April 2021 USPS Letter and Check).  In May 2021, Plaintiff counter-signed and cashed the settlement check.  ECF No. 14-1 at 7; ECF No. 14-6 (Signed USPS Check).

In July 2021, Plaintiff submitted a second SF-95 ("July SF-95") regarding the same February 2021 incident seeking $3,279.78 for property damage and $996,720.22 for personal

2

injuries. ECF No. 14-1 at 7. In January 2023, USPS informed Plaintiff that by cashing the settlement check, Plaintiff released all claims arising out of the February 2021 accident and that therefore USPS had no authority to consider the July SF-95. *Id.* Nevertheless, Plaintiff filed the instant FTCA suit on June 30, 2023. ECF No. 1.

## LEGAL STANDARD

*A. 12(b)(1)*

On a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, "[t]he party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists." *Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 15 (2d Cir. 2023).[3] A court must dismiss a case for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). But because of that lack of adjudicatory power, such dismissals must be without prejudice. *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017). In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must accept all material factual allegations in the complaint as true, but should not draw all inferences in plaintiff's favor. *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). Furthermore, the court may refer to evidence outside the pleadings such as "evidentiary matter . . . presented by affidavit or otherwise." *Kamen v. American Tel. & Tel. Co*, 791 F.2d 1006, 1011 (2d Cir. 1986).

---

[3] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

*B. 12(b)(6)*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of [p]laintiff'[s] claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Court lacks subject matter jurisdiction to hear Plaintiff's FTCA claim because Plaintiff already settled his claims with USPS and released any claim against the government. "Sovereign immunity shields the United States from suit" except when expressly waived in statutory text. *United States v. Bormes*, 568 U.S. 6, 9 (2012). The FTCA waives sovereign immunity for certain claims arising out of tortious conduct by federal employees. 28 U.S.C. §§ 1346, 2671 *et seq*. "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). As relevant here, the FTCA provides that "the acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject

4

matter." 28 U.S.C. § 2672.  In other words, "[t]he FTCA bars a plaintiff from suing the federal government when the parties have already settled another claim arising from the same subject matter."  *Francis v. United States*, No. 18-cv-4965, 2019 WL 3409922, at *3 (E.D.N.Y. July 26, 2019); *see also Schwarder v. United States*, 974 F.2d 1118, 1124 (9th Cir. 1992) ("We conclude, as a matter of federal law, that an administrative settlement reached pursuant to section 2672 bars further claims by the settling party . . . ."); *Circelli v. United States*, No. 17-cv-5269, 2018 WL 3000334, at *3 (D.N.J. June 15, 2018) (holding that when the plaintiff cashed the settlement check, "any remaining claims related to the accident were effectively released").  Accordingly, where a plaintiff settles a claim under the FTCA, that claim is barred and the Court therefore lacks subject matter jurisdiction to hear the case.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.  Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.").

When the USPS issued the $2,980 settlement check to Plaintiff in April 2021, the letter accompanying the check explicitly stated that "acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the [USPS] . . . by reason of the same subject matter."  ECF No. 14-5 at 2.  The letter did not indicate in any way that the settlement was limited to the property damage claim or that claims for other types of damages would be available.  *Id.*  Therefore, when Plaintiff cashed the check in May 2021, he assented to a settlement agreement, and any remaining claims stemming from the accident were released.  ECF No. 14-6 at 2.  *See Francis*, 2019 WL 3409922, at *3 (plaintiff's FTCA suit against the USPS barred where plaintiff cashed the settlement check with the same release language); *Circelli*, 2018 WL 3000334, at *3 (same).

5

Plaintiff contends that the release in this case is invalid and that the Court should allow his FTCA suit to proceed because Plaintiff is "not fluent in English" and that when he signed the March SF-95 "he believed it was only [for the] repair [of] his vehicle." ECF No. 15 at 4. Section 2672 does not directly address whether a lack of fluency in English or misunderstanding would render any settlement under it invalid. 28 U.S.C. § 2672. Accordingly, the Court must look to state law to determine the scope and validity of the settlement. *Makarova*, 201 F.3d at 114 ("Under the FTCA, courts are bound to apply the law of the state . . . where the accident occurred."). Because the "underlying incident" in this case occurred in New York, *see* ECF No. 1 ¶ 38, "New York law applies under the FTCA." *Mora v. United States*, 643 F. Supp. 3d 314, 322 (E.D.N.Y. 2022). Under New York law, "[i]t is well settled that settlement agreements and general releases are 'governed by principles of contract law.'" *Marinaccio v. Town of Clarence*, 57 N.Y.S.3d 590, 592 (N.Y. App. Div. 2017) (quoting *Mangini v. McClurg*, 249 N.E.2d 386, 389 (N.Y. 1969)). "Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release." *Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 952 N.E.2d 995, 1000 (N.Y. 2011). If the language of the release is unambiguous, the signing of the release is binding on the parties. *Id*. "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake." *Id.*

There is no dispute that the letter accompanying the April settlement check informed Plaintiff that acceptance of the check operated as "a complete release of any claim against USPS." ECF No. 14-5 at 2. There is also no evidence of fraud by the USPS and Plaintiff has not alleged as much. Still, Plaintiff alleges unilateral mistake by him regarding the meaning of the release in the letter due to his lack of English fluency. ECF No. 15 at 2. However, under New

6

York law, "a person who does not understand the English language is not automatically excused from complying with the terms of a signed agreement, since such person must make a reasonable effort to have the agreement made clear to him or her." *Ivasyuk v. Raglan*, 153 N.Y.S.3d 110, 113 (N.Y. App. Div. 2021). Additionally, "a unilateral mistake can be the basis for rescission if failing to rescind would result in unjust enrichment of one party at the expense of the other and the parties can be returned to the status quo ante without prejudice." *Cox v. Lehman Bros.*, 790 N.Y.S.2d 16, 17 (N.Y. App. Div. 2005). The Court does not find that enforcing the release would result in unjust enrichment because if Plaintiff had any doubt as to the meaning of the SF-95 or the significance of the letter and settlement check, he should have exercised reasonable care to ensure he understood before submitting the SF-95 and cashing the check. On the other hand, USPS would be seriously prejudiced by having to litigate a claim more than three years after it believed it had reached a full and final settlement. When Plaintiff cashed the check, he assented to a settlement agreement, and that agreement cannot be rescinded based on his lack of English fluency or misunderstanding alone. *See Contreras v. United States*, No. 19-cv-12870, 2022 WL 970192 (D.N.J. Mar. 31, 2022) (finding that despite plaintiff's limited comprehension of English, the release in the SF-95 was still binding); *see also Murphree v. United States*, No. 10-cv-4122, 2011 WL 1980371, at *7 (D. Kan. May 20, 2011) (personal injury suit barred where plaintiff cashed USPS settlement check for property damage, even though she did not appreciate it was waiving her personal injury claim). The Court finds the settlement to be valid and Plaintiff's claim is therefore barred by Section 2672. *See Francis*, 2019 WL 3409922 at *3. Because the settlement released all of Plaintiff's claims against USPS, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See Circelli*, 2018 WL 3000334 at *3

("Subject matter jurisdiction is [] lacking because Plaintiff released all claims against USPS arising from the [] accident."). [4]

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction, *see* ECF No. 14-1, and Plaintiff's Complaint, *see* ECF No. 1, is dismissed without prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

                                                  */s/ Hector Gonzalez*
                                                  HECTOR GONZALEZ
                                                  United States District Judge

Dated: Brooklyn, New York
        September 10, 2024

---

[4] A motion to dismiss for failure to state a claim may only be decided after finding the Court has subject matter jurisdiction to hear the case. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1) . . . as well as other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined."). Because I find that the Court lacks subject matter jurisdiction to hear this case, I need not decide Defendant's 12(b)(6) motion. *See, e.g.*, *Willner ex rel. Willner v. Doar*, No. 12-cv-1955, 2013 WL 4010205, at *6 (E.D.N.Y. Aug. 5, 2013) ("[T]he Court . . . without subject matter jurisdiction, cannot address the merits of defendants' arguments that plaintiff has failed to state a claim for relief."); *Sander v. Off. of Comptroller of Currency*, No. 15-cv-5879, 2016 WL 11951030, at *8 (S.D.N.Y. Sept. 29, 2016) ("Because dismissal is required for lack of subject matter and personal jurisdiction, I do not reach Defendants' arguments with respect to whether dismissal is also warranted pursuant to Rule 12(b)(6).").